# BROEGE, NEUMANN, FISCHER & SHAVER, LLC
## ATTORNEYS AT LAW

OLD SQUAN PLAZA
25 ABE VOORHEES DRIVE
MANASQUAN, NEW JERSEY  08736

TIMOTHY P. NEUMANN
PETER J. BROEGE
FRANK J. FISCHER                                            TEL: (732) 223 - 8484
DAVID E. SHAVER                                          FAX NO. (732) 223 - 2416
GEOFFREY P. NEUMANN                  EMAIL: TNEUMANN@BNFSBANKRUPTCY.COM
------------------------
*of counsel:*
CARL BROEGE

April 29, 2021

***VIA ECF***

Hon. Christine M. Gravelle, USBJ
US Courthouse
402 East State Street
Trenton, NJ 08608

    **Re:**    **Carolyn Brown; Case No. 20-20921**

Dear Judge Gravelle:

I represent Douglas Brown. I write to join in the objections filed by Andrew Kelly and Joseph Casello. The Trustee has failed to demonstrate any emergency warranting the immediate disposition of her motion. Nor has there been adequate disclosure as to the financial condition of the subject entities. The motion is a sale disguised as a settlement. D.N.J. LBR 6004-1 sets forth a laundry list of disclosures that must accompany a sale motion, few of which have been provided. Other than the conclusory statements by the Trustee, there is insufficient information with which to evaluate the proposed transaction, particularly in circumstances where others have expressed an interest in bidding once the playing field is leveled by sharing the information available only to the Trustee at this point. My client may take issue with the report obtained by the Trustee which seems to be the fulcrum on which the motion is based, but the Trustee has not shared it with anyone apparently.

By virtue of the Trustee's ownership of a majority interest in the subject entities, she is a fiduciary, not only for the bankruptcy estate, but for the creditors, employees and other stakeholders in the business. Have they been notified of the motion? Are their interests taken into account  in the slightest? The  motion if granted will dispose of an operating business with employees who support their families from its continued operation. There has been no evaluation of the business and no factual record which could support let alone quantify the benefits to be derived from the transaction.

For these reasons, and those expressed by my colleagues, the motion should be denied. Should it be renewed, the  parties should be afforded the right to obtain discovery to permit them an opportunity to evaluate the merits of the transaction and offer alternatives that will not so adversely affect the lives of the many people whose fate appears to be entirely ignored by the instant application.

Respectfully submitted,


/s/ Timothy P. Neumann
TIMOTHY P. NEUMANN